## Case No. 17,620.

### In re WIENER.

[14 N. B. R. 218; [1] 3 N. Y. Wkly. Dig. 95.]

District Court, D. Massachusetts. March 31, 1876.

BANKRUPTCY—WITHDRAWAL OF PROOF—LEAVE OF COURT.

The power of the court to authorize a creditor to withdraw a proof that has been filed inadvertently is wholly discretionary, and will

---

[2] [From 4 N. B. R. 390 (Quarto, 130).]

[1] [Reprinted from 14 N. B. R. 218, by permission.]

not be exercised merely for the purpose of allowing a creditor to continue an arrest of the bankrupt which was made before the commencement of the proceedings in bankruptcy.

In bankruptcy.

LOWELL, District Judge. Swett, Bullock & Co., creditors of the bankrupt, allege that they made proof of their debt at the first meeting by mistake, and wish to withdraw it, for the reason that a suit is pending by them against the bankrupt, in which he was arrested on mesne process, and that they believe they can show such fraud on his part as will enable them to prevent his discharge from such arrest. These creditors voted at the first meeting, and one of them was elected assignee, and accepted the trust, but they afterwards, on the same day, presented this petition to withdraw, being informed by counsel that the proof might operate to discharge the bankrupt from· arrest.

The petitioners say they bring themselves within the words used by me in Hubbard's Case [Case No. 6,813], of persons proving under a mistake of law, but being able to restore all things to the position they were in when the proof was made. This may be so, but the whole law is not often decided in one case. The power of the court to authorize creditors to retract a mistake is one that is wholly discretionary, and must be so. If the proof discharges the arrest, its withdrawal may· reinstate it, no actual discharge having occurred in the meantime; but is this such a restoration as a court ought to grant? The purpose of the law of imprisonment for debt in Massachusetts is to oblige a fraudulent debtor to pay one creditor; and the charges of fraud and their consequences are merely a means to this end; but they are very stringent means, and if certain frauds are proved, the debtor may be sent to prison, as a convict, unless he pays the debt. Such a payment by a bankrupt would be illegal, and he might be sent to jail by this court for making it, and I am asked to restore the bankrupt to this position. If the expectation is that payment may be made by his friends, there is no·reason that I should put this coercion upon them. The state law is plainly made for solvent persons who are dishonest and trying to defraud the plaintiff. No good reason has ever been given for the omission by congress to discharge from arrest persons already in custody at the time of the bankruptcy, and if the creditor himself has released him, though by inadvertence, I know of no good reason why I should interfere to return him to custody. If by this means any good could probably result to the general creditors, or any rights of property or liens be restored to an inadvertent creditor, I should, of course, order it. This is the meaning of Hubbard's Case. In this I make no such order. Petition denied.